UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLIN OILFIELD DIVERS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2431** |
| **ALLIED SHIPYARD, INC.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Allied Shipyard Inc.'s Motion to Dismiss (Doc. 10). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiffs Blue Marlin, LLC and Marlin Oilfield Divers, Inc. are the owner and bareboat charterer, respectively, of the M/V IRON MAIDEN. Marlin Oilfield Divers, Inc. ("Marlin") entered into an agreement with Defendant Allied Shipyard, Inc. ("Allied") for repair work to be performed on the IRON MAIDEN in Allied's yard. The agreement was personally guaranteed by Logan Moore, Marlin's president and CEO. On April 16, 2020, a fire broke out aboard the IRON MAIDEN in the Allied yard, and the vessel was damaged.

1

On September 1, 2020, Allied sent a demand letter to Marlin seeking payment for the repairs performed on the IRON MAIDEN prior to the fire. The demand letter indicated that Allied planned to file suit for the debt if it was not paid by September 15, 2020. On September 4, 2020, Marlin filed the instant action, seeking a declaratory judgment that it does not owe Allied for the repairs. Thereafter, Blue Marlin was joined as a Plaintiff, and the Plaintiffs added claims against Allied for causing the fire that damaged the IRON MAIDEN. On September 9, 2020, Allied filed suit against Logan Moore in Louisiana's 17th Judicial District Court seeking a payment of $53,320.45 for the repairs pursuant to his personal guaranty ("the State Court Action").[1]

Allied now moves for dismissal of Plaintiffs' claims for declaratory judgment in this matter.

## LAW AND ANALYSIS

The Declaratory Judgment Act provides that, in a case of actual controversy within its jurisdiction, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[2] This Act is "an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[3] The Fifth Circuit has outlined a three-part test for district courts to use when considering

---

[1] Moore later removed the action to this Court, but it was remanded for lack of subject matter jurisdiction. Allied Shipyard Inc. v. Logan Moore, Case No. 20-2744.
[2] 28 U.S.C. § 2201(a).
[3] Wilton v. Seven Falls Co., 505 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

whether to decide or dismiss a declaratory judgment action.[4] A federal district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action."[5]

At the outset, Allied argues that there is no actual controversy here. In determining whether an actual controversy exists, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[6] Allied contends that no controversy exists because Marlin seeks a declaration that it does not owe Allied for the repairs because Allied *may* be responsible for the fire where the cause of the fire has not yet been determined or litigated. The cause of the fire is, however, also before this Court as a result of Plaintiffs' claim against Allied for the fire damage to the IRON MAIDEN. Further, the State Court Action makes clear that there is an actual controversy regarding whether Allied is owed for the repairs to the IRON MAIDEN. Accordingly, this Court finds it clear that an actual controversy exists. The Court also finds that it has jurisdiction and authority to grant the relief requested. Therefore, the Court next considers whether it should exercise its jurisdiction over this matter.

---

[4] *See* Orix Credit All., Inc. v. Wolfe, 212 F. 3d 891, 895 (5th Cir. 2000).
[5] Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 387 (5th Cir. 2003).
[6] Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).

The Fifth Circuit has provided courts with seven non-exclusive factors to consider when determining how to exercise its discretion in an action for declaratory relief.[7] These factors are:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) whether the plaintiff engaged in forum shopping in bringing the suit;

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses;

6) whether retaining the lawsuit would serve the purposes of judicial economy; and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[8]

These factors, known as the *Trejo* factors, have been subsequently grouped into three higher-level considerations.[9] The first grouping concerns the proper

---

[7] *Sherwin-Williams Co.*, 343 F.3d at 388.
[8] *Id.* (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)).
[9] Brit UW Ltd. v. Hero, No. CV 18-3850, 2018 WL 4184565, at *3 (E.D. La. Aug. 31, 2018) (citing *Sherwin-Williams Co.*, 343 F.3d at 390–92).

allocation of decision-making between state and federal courts.[10] The second grouping concerns fairness.[11] The third grouping concerns efficiency.[12]

The *Trejo* factors are not exclusive, and district courts can consider a variety of factors in determining whether to decide or dismiss a declaratory judgment action.[13] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[14]

The first *Trejo* factor, which concerns comity and efficiency,[15] lends favor to declining to exercise jurisdiction over the instant action because there is a pending state court action in which all of the issues may be adjudicated. Although the State Court Action involves different parties, the Fifth Circuit has stated that "[i]f there is a pending related state proceeding but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state court and federal court cases in deciding which court should decide the dispute."[16]

Currently pending in state court is the issue of whether Logan Moore owes Allied for the repairs it performed on the IRON MAIDEN pursuant to the

---

[10] *Sherwin-Williams Co.*, 343 F.3d at 390.
[11] *Id.* at 391.
[12] *Id.*
[13] Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 29 (5th Cir. 1989).
[14] Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp., 964 F.2d 1571, 1581 (5th Cir. 1992) (quoting PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 682 (5th Cir. 1973)).
[15] *Sherwin-Williams Co.*, 343 F.3d at 391.
[16] *Id.* at 394.

personal guaranty he executed in Marlin's favor. In this matter, Marlin seeks a judgment that it does not owe Allied for the repairs pursuant to their agreement. The state court will necessarily have to consider this same issue to adjudicate Allied's claim against Moore pursuant to his personal guaranty. "A contract for the repair of a vessel is a maritime contract, governed by general maritime law."[17] Accordingly, both courts will be required to interpret the agreement between Allied and Marlin—an issue of general maritime law.

> The presence of federal law questions, their relationship to state law questions, the ability of the federal court to resolve state law issues, and the ability of a state court to resolve the federal law issues are important to deciding whether a state or federal court should be the one to decide the issues raised in the federal court declaratory judgment action. The presence of federal law issues must always be a major consideration weighing against surrender of federal jurisdiction.[18]

That said, Plaintiffs have not indicated that the federal law questions at issue here are novel or that the state court cannot decide those issues.[19] State courts routinely consider issues of general maritime law.[20] Accordingly, there is a pending state action in which all of the matters in controversy may be fully litigated.

The next three factors "analyze whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or

---

[17] One Beacon Ins. Co. v. Crowley Marine Servs., Inc., 648 F.3d 258, 262 (5th Cir. 2011).

[18] *Sherwin-Williams Co.*, 343 F.3d at 396.

[19] *See id.*

[20] "State courts must apply the same law to a maritime claim that a federal court would apply had the case been filed in federal court." Welch v. Fugro Geosciences, Inc., 804 So. 2d 710, 713 (La. App. 1 Cir. 2001).

unfair grounds."[21] This factor weighs in favor of maintaining the action. It is clear that this matter was filed in anticipation of a state court action. Marlin received a demand letter stating that Allied would file suit if the outstanding debt was not paid in fifteen days. Just three days later, Marlin filed the instant action, seeking a declaratory judgment that it does not owe Allied for the repairs. However, "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"[22] Beyond its anticipatory nature, Allied does not indicate any reason that Plaintiffs' use of a federal forum was improper. Without more, the Court cannot say that Plaintiffs' action is "an instance of forum-shopping instead of a reasonable assertion of its rights under the declaratory judgment statute and [maritime] jurisdiction."[23]

The next two *Trejo* factors "primarily address efficiency considerations."[24] These factors weigh in favor of declining to exercise jurisdiction over the instant action. While this Court does not view either action as significantly more convenient for the parties, the existence of the State Court Action "renders this declaratory judgment action unnecessary and duplicative."[25] The Court, therefore, finds that the interests of efficiency and judicial economy are better served by dismissal. The last factor is not

---

[21] *Sherwin-Williams Co.*, 343 F.3d at 391.
[22] *Id.*
[23] *Id.* at 398.
[24] *Id.* at 392.
[25] Gulf Offshore Logistics, LLC v. Norris, No. CV 16-8247, 2016 WL 7097383, at *7 (E.D. La. Dec. 5, 2016).

7

applicable in this matter, as the Court is not being called upon to construe a state judicial decree.

Accordingly, upon balancing the *Trejo* factors, the Court finds that the interests of fairness and judicial efficiency are better served if the declaratory judgment action is dismissed. "[T]he state action provides an adequate vehicle for adjudicating the claims of the parties" and the federal action does not serve any purpose "beyond mere duplication of effort."[26]

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and Plaintiffs' claims for declaratory relief are DISMISSED WITHOUT PREJUDICE. Plaintiffs' claims for damages remain pending.

New Orleans, Louisiana this 23rd day of March, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] *Magnolia Marine Transp. Co., Inc.*, 964 F.2d at 1581.