UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARLIN OILFIELD DIVERS, INC.**            **CIVIL ACTION**

**VERSUS**                                  **NO: 20-2431 C/W 21-575**

**ALLIED SHIPYARD, INC.**                   **SECTION: "H"**


### ORDER AND REASONS

Before the Court is Plaintiffs Blue Marlin, LLC and Marlin Oilfield Divers, Inc.'s Motion for Sanctions (Doc. 96). For the following reasons, the Motion is DENIED.

### BACKGROUND

Plaintiffs Blue Marlin, LLC and Marlin Oilfield Divers, Inc. are the owner and bareboat charterer, respectively, of the M/V IRON MAIDEN. Marlin Oilfield Divers, Inc. entered into an agreement with Defendant Allied Shipyard, Inc. ("Allied") for repair work to be performed on the IRON MAIDEN in Allied's yard. On April 16, 2020, a fire broke out aboard the IRON MAIDEN in the Allied yard, and the vessel was damaged. The parties dispute the cause of the fire. Plaintiffs bring a breach of contract claim and negligence claim against Allied for causing the fire.

1

In the instant Motion, Plaintiffs seek a number of sanctions against Defendant Allied for its delay in production or intentional withholding of discovery. This Court will consider their arguments in turn.

## **LAW AND ANALYSIS**

Pursuant to the scheduling order, discovery in this matter was set to be completed on November 15, 2021. Plaintiffs argue that Allied delayed in producing certain damaging documents relating to citations by the Coast Guard until well after this deadline. Specifically, Defendant did not produce documents related to the Coast Guard's audit of its competent person program or an August 2019 letter from the Coast Guard citing it for "irregularities" in its competent person logs until March 2022. A bench trial in this matter is set to begin on May 16, 2022. Plaintiffs argue that they are prejudiced by Allied's delay in producing the Coast Guard documents and seek sanctions against Allied pursuant to Federal Rule of Civil Procedure 37. Specifically, Plaintiffs ask this Court for an order (1) finding that Allied deliberately withheld relevant evidence from Plaintiffs; (2) striking Allied's liability defenses, leaving for trial only the issues of causation and damages; (3) ordering an adverse presumption of gross negligence on the part of Allied in its performance of work on the IRON MAIDEN; and/or (4) ordering Allied to pay Plaintiffs' reasonable expenses, including attorney's fees, related to all increased expenses and fees caused by Allied's deliberate, willful withholding of documents.

In its defense, Allied contends that some of the records at issue were discovered in a file in the office of its director in March of 2022 and promptly turned over to Plaintiffs. That discovery prompted Allied's management to

remember the August 2019 letter, which was thereafter turned over as well. Allied states that during discovery its focus was on OSHA records and that there was never any intent to conceal the Coast Guard records at issue.[1] It also points out that the August 2019 letter addresses an unrelated incident that occurred ten months before the fire at issue here. Further, Allied has agreed to produce any witness that Plaintiffs want to depose relating to the Coast Guard documents.

Under Rule 37, a court may sanction a party for failure to timely produce information or supplement an incomplete discovery response unless that failure was "substantially justified or harmless." In determining whether a party's failure to sufficiently respond is harmless or substantially justified, "a court generally considers: '(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'"[2] "The sanctions available under Rule 37(b) for such conduct are predicated upon the presence of such factors as willful

---

[1] Indeed, Plaintiffs' request for production specifically referred to OSHA records. It stated, "Please provide each and every audit performed by OSHA or any other governmental entities of Allied within two (2) years of the incident, or any document reflecting the final results of the following: OSHA audits, inspections, investigations or reviews of Allied Shipyards generally or incidents occurring at an Allied Shipyard facility."

[2] Canon U.S.A., Inc. v. S.A.M., Inc., No. CIV. A. 07-01201, 2008 WL 2522087, at *3 (E.D. La. June 20, 2008) (quoting Tex. A & M Rsch. Found. v. Magna Transp. Inc., 338 F.3d 394, 402 (5th Cir. 2003).

disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence."[3]

Here, the Court finds that Allied's failure to timely produce the Coast Guard documents was substantially justified and harmless. Allied has provided evidence that the delay in production was the result of an honest mistake, and it produced the documents as soon as it discovered them. Allied also took efforts to cure any potential prejudice to Plaintiffs by producing witnesses for depositions regarding the late-disclosed documents, and those depositions have been taken. To further cure any prejudice to Plaintiffs, the Court will allow them wide latitude to cross-examine witnesses regarding the Coast Guard documents at the bench trial in this matter.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 9th day of May, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] Dorsey v. Acad. Moving & Storage, Inc., 423 F.2d 858, 860 (5th Cir. 1970).